Territorial Law Library

# IN THE SUPERIOR COURT OF GUAM

GOVERNMENT OF GUAM, by and
through the ATTORNEY GENERAL
OF GUAM,

                    Plaintiff,

          VS.

PACIFICARE HEALTH INSURANCE
COMPANY OF MICRONESIA, INC

d.b.a. PACIFICARE ASIA PACIFIC,

                   Defendant.

**CIVIL CASE NO. CV-1203-04**

## DECISION AND ORDER

**(Motion to Dismiss for Failure to Join Indispensable Parties)**

**and**

**(Vacating Hearing for Preliminary Injunction)**

Defendant, PacifiCare Health Insurance Company of Micronesia, Inc. dba PacifiCare Asia Pacific ("PacifiCare"), filed its Motion to Dismiss for Failure to Join Indispensable Parties, pursuant to Rules 12(b)(7) and 19 of the Rules of Civil Procedure for the Superior Court of Guam. On 19 January a hearing for oral argument was held and the matter then submitted for decision.

PacifiCare entered into a contact with Guam Federation of Teachers ("GFT") to provide insurance to GFT members who are Government of Guam employees. On 23 November 2004 the Government of Guam filed its Complaint for Declaratory Judgment and Injunctive Relief alleging that the Governor has the exclusive right to negotiate health insurance benefits on behalf of Government of Guam employees. The Complaint seeks a declaratory judgment to that effect and injunctive relief restraining PacifiCare from accepting any enrollment applications from GovGuam employees or providing any health coverage to them.

GovGuam and PacifiCare agree that GFT is not an indispensable party because it "is subject to service of process and [its] joinder will not deprive the court of jurisdiction over the subject matter of the action...." PacifiCare alleges that GFT is a necessary party as defined in Rule 19(a). Rule 19(a)(1) provides that such a party "shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties." The Government contends

that the relief it seeks in this action can be granted without the joinder of GFT. The cases hold otherwise when joinder is sought of one who is a party to the contract at issue. Even if the Government obtained the relief it seeks, GFT could still assert the rights of its member-subscribers and require PacifiCare to provide health care in accordance with the contract. The Government recognizes this possibility in its opposition. "Therefore, even though further actions might ensure between Pacificare and GFT if the relief sought in the Complaint is granted, that eventuality would not mean that grant of the relief sought in the Complaint would not be complete,..." (Opposition to Motion to Dismiss for Failure to Join Indispensable Parties, page 11) Cases holding that parties to a contract which is the subject matter of the action are necessary parties include Dawavendewa v. Salt River Project, 276 F.3d 1150, 1157 (9th Cir. 2002) and Clinton v. Babbitt, 180 F.3d 1081, 1088 (9th Cir. 1999)(quoting Pit River Home and Agric. Coop. Assn. v. United States, 30 F.3d 1088, 1099 (9th Cir. 1994).

In Northrop v. McDonnell Douglas Corp., 705 F.2d 1030, (9th Cir. 1983) the court found that the United States was not a necessary party. "To fit within the first category [Rule 19(a)(1)], it must appear that 'complete relief' cannot be accorded between Northrop and McDonnell absent the Government's joinder." (citation omitted) "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." Id., at 1043. "The Government is not a party to any of the teaming agreements, and has never asserted a formal interest in either the subject matter of this action or the action itself". (Id., at 1043-44, emphasis in original)

The Court concludes that GFT is a necessary party under Rule 19(a)(1).

Two separate clauses of Rule 19(a)(2) protect the interest of the absent party and the interest of present parties. To benefit from Rule 19(a)(2) the absent party must "claim[] an interest relating to the subject of the action." PacifiCare contends that GFT claimed an interest. On 24 November 2004 the President of GFT made a declaration in this case which was used in support of PacifiCare's Opposition to GovGuam's Request for a Temporary Restraining Order filed the same day. The

President declared, "Based on personal conversations I have had with members and the reduction in traffic into our office after the Attorney General's filing of this lawsuit, this motion, and his numerous statements to the media about them, a substantial number of eligible GFT members have shied away from the PacifiCare GFT plan, for fear that court action might curtail this plan as an option and thus possibly leave them without any insurance coverage at all for the coming year."

The Court finds that this declaration demonstrates that GFT was aware of this case, but fails to constitute a formal assertion of the interest of GFT in either the subject matter of this action or the action itself. Northrop, supra, at 1043-44. Two other cases in which parties having an interest, were aware of the case and took no action are Altman V. Republic of Austria, 317 F.3d 954, 971 (9th Cir. 2002) and U.S. v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999). The parties were found not to be necessary parties.

Having found that GFT is a necessary party as defined in Rule 19(a)(1), it is accordingly ordered that the Plaintiff shall join GFT as a Defendant in this action.

The Plaintiff's motion for a preliminary injunction was set for hearing on 24 January 2004. Because of the joinder of GFT, that hearing date is vacated.

So ordered this the 21st day of January, 2005

RICHARD H. BENSON
Judge, Pro Tempore
Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JAN 2005

Gald Perez, Jr.
Deputy Clerk, Superior Court of Guam